ShacKelfoed, J.,
delivered the opinion of the Court.
The only questions necessary to notice in this case, arise upon the charge of the Circuit Judge to the jury.
The facts necessary to be stated, are as follows: On the 27th of March, 1848, the defendants in error, recovered a judgment against the plaintiff in error, in the Circuit Court of Hamilton County, for $704.85, besides costs. On the 27th of May, 1859, after the lapse of more than sixteen years from the rendition of the judgment, a fi. fa. was issued upon the judgment, whereupon, the plaintiff in error presented a petition to Judge G-aut, in which he alleged he had paid off and satisfied said judgment, and prayed that the fi. fa. issued thereon be superseded, and on a final hearing,' the same be quashed, &c.
The fiat of His Honor was obtained, and the petition filed in said Court; and at the February Term, 1861, thereof, the cause was submitted to a jury. Verdict and judgment in favor of defendants in error. The plaintiff in error moved the Court for a new *175 trial, which was refused; and to reverse the judgment of the Circuit Court, he has prosecuted a writ of error to this Court. Upon the question of a payment, in fact, the proof was somewhat conflicting. There was also proof tending to show the plaintiff in error was a prompt, energetic, thrifty and punctual man, and entirely solvent; whilst on the other hand, there was proof tending to show that he was insolvent, and had no property subject to execution. Under this state of the case, the counsel for the plaintiff in error, ashed the Court to charge the jury, in substance, that after the lapse of sixteen years from the rendition of' a judgment, the law presumed it had been paid. The Court refused to give the instructions asked for, and instructed the jury, that “the law does not presume the judgment to be paid until the lapse of twenty years from its date.” In this, we think His Honor erred.
The rule, as stated in Starkie on Ev., vol. 2, page 680, is, that “the expiration of twenty years, without payment of interest on a bond, or other acknowledgment of its existence, raises a presumption that it is satisfied.”
In Greenleaf on Ev., vol. 2, sec. 528, the rule is stated to be, “the lapse of twenty years, without explanatory circumstances, affords a presumption of law, that the debt is paid, even though it be due by spe-ciality, which the Court will apply without the aid of a jury.”
And again, in vol. 1, sec. 39, Mr. Greenleaf says: “When a debt due by speciality, has been unclaimed *176 and without recognition for twenty years, in the absence of any explanatory evidence, it is presumed to have been paid. The jury may infer the fact of payment from the circumstances of the case, within that period, but the presumption of law does not attach till the twenty years are expired.”
But in Tennessee, it is well settled, by a long train of decisions, that the presumption of payment attaches after the lapse of sixteen 'years: Peck’s Rep., 64; 9 Yerger, 424; 5 Sneed, 202; 2 Head, 405. In the latter case, the Court said: “This presumption of payment, like other legal artificial presumptions, derives from the law a certain technical force and effect, and, until rebutted or displaced, has all the force and effect of plenary proof of the fact of payment, and the jury are bound so to regard it.”
It may also, as "we think, be now regarded as well settled in this State, that the rule as applicable to bonds, applies with equal force to judgments. Mr. Greenleaf, in his treatise on the Law of Evidence, vol. 1, sec. 39, in treating of this rule, says: “It is applied not only to bonds, for the payment of money, but to mortgages, judgments, warrants to confess judgments, decrees, statutes, recognizances, and other matters of record;” and the same doctrine was held by this Court at Nashville, last December, in the case of McDaniel et al. vs. Goodall et al. (See manuscript opinion.)
We hold, in view of these authorities, that after the lapse of sixteen years from the rendition of a judgment, the law raises the presumption that it has been paid, which “has all the force and effect of pie- *177 nary proof of the fact of payment, and the jury are bound so to regard it.”
That this presumption may be rebutted, overthrown, or repelled by any evidence of recognition of the situation of the parties, such as insolvency, relationship, or any other circumstances, which may be sufficient to satisfy the jury, notwithstanding the presumption of law that the judgment has not, in fact, been paid, and is still due. But the presumption of payment, arising upon the lapse of time, having once attached, the onus of proof is upon the party seeking to enforce the judgment. “The fact of payment may be inferred by the jury, from the circumstances of the particular case, in a shorter period; but the presumption of law does not attach until the full expiration of sixteen years.”
His Honor, the Circuit Judge, also instructed the jury: “If the proof does not satisfy you, that the judgment has been paid, you ought to find the issue for the plaintiff. The defendant alleges that he has paid the judgment, and the burden of the proof is upon him to prove the payment.” According to the rule we have already laid down, this portion of His Honor’s charge, is also erroneous.
The judgment will be reversed, and the cause remanded for a new trial, when the law will be charged in accordance with this opinion.